J-S33010-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| MANUFACTURERS AND TRADERS TRUST COMPANY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KELLY JUSTOFIN, | |
| Appellee | No. 2045 MDA 2016 |

Appeal from the Judgment Entered January 10, 2017
in the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2015-00977

BEFORE:   BENDER, OTT, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED JUNE 21, 2017**

The purpose of the ECOA is "to eliminate discrimination against women, especially married women, by prohibiting creditors from requiring the signature of the applicant's spouse when the applicant independently qualifies for credit." *Sharp Elecs. Corp. v. Yoggev*, No. CIV. A. 94-5652, 1995 WL 263533, at *1 (E.D. Pa. May 1, 1995) (citing *Anderson v. United Fin. Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982)). *See also Moran Foods, Inc. v. Mid-Atl. Mkt. Dev. Co., LLC*, 476 F.3d 436, 441 (7th Cir. 2007) ("[W]hat the Act was intended to do was to forbid a creditor to deny credit to a woman on the basis of a belief that she would not be a good credit risk because she would be distracted by child care or some other stereotypically

_____
*Retired Senior Judge assigned to the Superior Court.

female responsibility."). Application of the statute in the instant case does absolutely nothing to further that purpose.

However, the Majority has appropriately applied this Court's precedent and Third Circuit case law[1] in holding that the trial court's factual finding of Christopher Justofin's independent creditworthiness, which was not based upon assets held jointly with Appellee, renders M&T Bank's requirement that Appellee sign as a guarantor of the loan a violation of the ECOA.[2]

Therefore, I concur.

Judge Ott joins.

---

[1] Although the Majority correctly notes that this Court is not bound by decisions of federal courts below the United States Supreme Court, Majority Memorandum at 8, "whenever possible, Pennsylvania courts follow the Third Circuit [courts] so that litigants do not improperly walk across the street to achieve a different result in federal court than would be obtained in state court." **Parr v. Ford Motor Co.**, 109 A.3d 682, 693 n.8 (Pa. Super. 2014) (en banc) (internal citations and quotation marks omitted).

[2] The instant case is distinguishable from those in which the lender's decision to extend credit to the husband was based at least in part upon assets he owned jointly with his wife. **See**, **e.g.**, **Moran Foods, Inc.**, 476 F.3d at 442; **Richardson v. Everbank**, 152 So. 3d 1282, 1287 (Fla. Dist. Ct. App. 2015) (holding no ECOA violation occurred in requiring the applicant's wife to guarantee loans to a company owned by her husband where "the bank may have reasonably and understandably concluded that most if not all of the assets were jointly held").